CENTRAL FEMALE COLLEGE, plaintiff in error, *vs.* ROMULUS C. PERSONS, defendant in error.

(TRIPPE, J., having been of counsel, did not preside in this case.)

1. Where there was an action of ejectment with two demises, one from "The Central Female College," an incorporation, and the other from five persons as trustees of a church, and on the trial a deed was shown to the premises from the Central Female College to the said trustees, but it appeared that all of the trustees were dead at the commencement of the suit but three, and that the suit was brought without any authority from either of the three living:

*Held,* that the court was right in dismissing the suit.

2. Under the facts of the case, as they appear from the whole record, it was not error in the Judge to refuse to reinstate the case on the showing made. The title having passed out of the "Central Female College," the right to sue or to use the name of the College, is in the trustees of the church, and as to authority from the trustees of the church the whole subject was fairly before the court at the trial, and on the previous motion for continuance.

Ejectment.     Trusts.     Before Judge HALL.     Monroe Superior Court.     February Term, 1873.

The Central Female College brought ejectment against Romulus C. Persons for a lot of land situate in the village of Culloden, in the county of Monroe. The declaration was amended by adding a demise from James Smith, W. D. Hightower, Alfred Drake, Augustus F. Maddox and Littleton R. Vaughn, as trustees of the Methodist Protestant Church, at Culloden. The defendant pleaded title by prescription, and that there was in existence no such plaintiff as was set forth in the declaration.

The plaintiff introduced the following testimony:

1st. Deed covering the premises in dispute, from John Darley to the Central Female College, dated April 16th, 1852.

2d. Deed from the Central Female College to the aforesaid trustees of the Methodist Protestant Church, at Culloden, dated August 2d, 1856.

3d. C. S. LeSueuer testified in substance as follows: John Darley was in possession of the property in dispute at the

Central Female College *vs.* Persons.

time of the sale to the Central Female College. He had owned it for many years before that sale. The defendant went into possession some time in the year 1862. The Methodist Protestant Church at Culloden dissolved, or ceased to hold religious services in their house of worship in the year 1859. All the trustees are dead except three. He talked with the living trustees about bringing the suit before it was commenced, and they did not object. The places of those who had died had never been filled by the board. No meeting of the board had been held in many years. The Central Female College was a corporate body. The suit was brought to raise funds to pay the debts of the church. Whatever was left, after the payment of said debts, would go to the district conference of the Methodist Protestant Church. He had no authority from the trustees aforesaid for bringing the suit. It was "gotten up" by himself; did tell two of the surviving trustees that he had instituted suit, and they neither consented nor objected. The debts of the church are barred by the statute of limitations. The church owes witness and others.

The defendant moved for a non-suit. The motion was sustained, and plaintiff excepted.

The plaintiff then moved to amend his declaration by making the suit proceed for the use of the district conference of the Methodist Protestant Church. The motion was overruled, and plaintiff excepted.

The plaintiff, during the same term of the court, moved to reinstate the case. In support of such motion the affidavit of C. S. LeSueuer was presented, to the effect that on account of his deafness he was unable to understand the ground upon which the case was dismissed; that had he known it was on account of a want of authority to institute said suit he would have testified that he was a member of the board of trustees of the Central Female College, and was the agent of said board to procure lumber and have the church built, which is located on the premises in dispute. That he was also a trustee of the Methodist Protestant Church, at Culloden, and has neither resigned nor been removed from said trust.

The affidavit proceeded to state other facts, all of which appeared in the testimony of the deponent.

In opposition to said motion, counsel for defendant stated that one year prior to the trial, the case had been continued at the instance of the defendant, on account of the absence of two of the trustees, who had been subpœnaed, by whom he expected to show, not only that they never authorized said suit but were opposed to it.

The motion was overruled, and plaintiff excepted.

A. M. SPEER; J. S. PINCKARD, for plaintiff in error.

A. D. HAMMOND, by PEEPLES & HOWELL, for defendant.

McCAY, Judge.

1. It is true that title was shown in the Central Female College, and that being an incorporated company, that demise in the declaration was sustained by the evidence. But the plaintiff had also shown a title out of the Central Female College, and it had, in fact, no right to the premises according to the evidence. Its grantee, it is true, had a right, under the usual practice in such actions, to sue and recover in its name. But who is its grantee? Plainly the trustees of the church. At last, therefore, authority from the trustees is necessary not only to sue in their name, but to use the name of their grantor for their benefit. As the case stood this was evidently done in this case without their authority.

2. Nor can we see anything in the motion made to reinstate. The true state of the case was distinctly brought to the minds of the plaintiff, or of the gentleman who is pressing this matter, in the motion to continue at the previous term, and he should have come to the trial term prepared to meet the defense then announced. The country, independently of the rights of the defendant, cannot spare its time to rehear cases, unless the party complaining is about to be hurt, without neglect or *laches* on his part. Surely that cannot be said here. Not only at the hearing, but at the previous term, the position

and intention of the defendant was distinctly announced, and the complaining party and his counsel ought to have met the case as it was presented. The deafness of the defendant is not a good excuse. He ought not to have trusted to his hearing, knowing his infirmity, but told his counsel of his case as he claims it. Nor are we sure that, situated as he is towards the church, he would have a right to use the name of the other trustees without authority from them, even if while he was a member he was a trustee.

Judgment affirmed.